Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Samantha Y. Hsu (SBN 285,853)
samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>SOLARX EYEWEAR, LLC, an Ohio company,<br><br>       Defendant. | Civil Action No. 16-CV-1317<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of SolarX Eyewear, LLC ("SolarX" or "Defendant") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b).

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant SolarX Eyewear, LLC is a company organized and existing under the laws of the State of Ohio, having its principal place of business at 14210 Foltz Industrial Parkway, Strongsville, Ohio 44149.

6. Oakley is informed and believes, and thereon alleges, that Defendant has committed the acts alleged herein within this judicial district.

///

## III. GENERAL ALLEGATIONS

7. Oakley is one of the world's most iconic brands. The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style. Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

8. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9. On May 20, 2014, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Design Patent No. D705,339 (the "D339 Patent"), titled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D339 Patent. A true and correct copy of the D339 Patent is attached hereto as Exhibit A.

10. On January 28, 2003, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D469,458 (the "D458 Patent"), titled "EYEGLASS FRONT." Oakley is the owner by assignment of all right, title, and interest in the D458 Patent. A true and correct copy of the D458 Patent is attached hereto as Exhibit B.

11. On September 3, 2002, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D462,375 (the "D375 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D375 Patent. A true and correct copy of the D375 Patent is attached hereto as Exhibit C.

12. On May 8, 2012, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D659,180 (the "D180 Patent"), titled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D180

1 Patent. A true and correct copy of the D180 Patent is attached hereto as Exhibit D.

2 13. On December 29, 2015, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D746,368 (the "D368 Patent"), titled "SET OF EYEGLASS COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D368 Patent. A true and correct copy of the D368 Patent is attached hereto as Exhibit E.

14. On January 17, 2012, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D652,442 (the "D442 Patent"), titled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D442 Patent. A true and correct copy of the D442 Patent is attached hereto as Exhibit F.

15. Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States eyewear that infringes Oakley's intellectual property rights, including the D339 Patent, D458 Patent, D375 Patent, D180 Patent, D368 Patent, and D442 Patent (the "Asserted Patents").

16. Oakley is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

17. Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business. Oakley will suffer substantial loss unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## FIRST CLAIM FOR RELIEF

(Patent Infringement)

(35 U.S.C. § 271)

18. Oakley repeats and re-alleges the allegations of paragraphs 1-17 of this Complaint as if set forth fully herein.

19. This is a claim for patent infringement under 35 U.S.C. § 271.

- 3 -

20. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D339 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D339 Patent, including for example, Defendant's *5008 POLAR VX*, *VERTX 52031*, *52031-BLK VERTX*, and *VERTX 56003 CM* model sunglasses as shown below, which were sold and/or offered for sale on the website http://www.solarxeyewear.com/ by Defendant.

21. Defendant's acts of infringement of the D339 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D339 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry and Defendant's *5008 POLAR VX*, *VERTX 52031*, *52031-BLK VERTX*, and *VERTX 56003 CM* model sunglasses are nearly identical copies of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D339 Patent. Defendant infringed the D339 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D339 Patent. Defendant's acts of infringement of the D339 Patent were not consistent with the standards of commerce for its industry.

22. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D375 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D375 Patent, including for example, Defendant's *NK07* model sunglasses as shown below, which were sold and/or offered for sale on the website http://www.solarxeyewear.com/ by Defendant.

/ / /

- 4 -

| Accused Product | Oakley's Patent |
|---|---|
| NK07 | U.S. Patent No. D462,375 |

23. Defendant's acts of infringement of the D375 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D375 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry and Defendant's *NK07* model sunglasses are a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D375 Patent. Defendant infringed the D375 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D375 Patent. Defendant's acts of infringement of the D375 Patent were not consistent with the standards of commerce for its industry.

24. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D458 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D458 Patent, including for example, Defendant's *NK07*, *AR01P*, and *GR02* model sunglasses as shown below, which were sold and/or offered for sale on the website http://www.solarxeyewear.com/ by Defendant.

/ / /



25. Defendant's acts of infringement of the D458 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D458 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry and Defendant's *NK07*, *AR01P*, and *GR02* model sunglasses are nearly identical copies of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D458 Patent. Defendant infringed the D458 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D458 Patent.

/ / /

Defendant's acts of infringement of the D458 Patent were not consistent with the standards of commerce for its industry.

26. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D180 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D180 Patent, including for example, Defendant's *56080CM VERTX* model sunglasses as shown below, which were sold and/or offered for sale on the website http://www.solarxeyewear.com/ by Defendant.

| Accused Product | Oakley's Patent |
|---|---|
| 56080CM VERTX | U.S. Patent No. D659,180 |

27. Defendant's acts of infringement of the D180 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D180 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry and Defendant's *56080CM VERTX* model sunglasses are a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D180 Patent. Defendant infringed the D180 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D180 Patent. Defendant's acts of
///

- 7 -

infringement of the D180 Patent were not consistent with the standards of commerce for its industry.

28. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D368 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D368 Patent, including for example, Defendant's *56080CM VERTX* model sunglasses as shown below, which were sold and/or offered for sale on the website http://www.solarxeyewear.com/ by Defendant.

| Accused Product | Oakley's Patent |
|---|---|
| 56080CM VERTX | U.S. Patent No. D746,368 |

29. Defendant's acts of infringement of the D368 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D368 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry and Defendant's *56080CM VERTX* model sunglasses are a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D368 Patent. Defendant infringed the D368 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D368 Patent. Defendant's acts of

- 8 -

infringement of the D368 Patent were not consistent with the standards of commerce for its industry.

30. Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D442 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D442 Patent, including for example, Defendant's *SM12* model sunglasses as shown below, which were sold and/or offered for sale on the website http://www.solarxeyewear.com/ by Defendant.

| Accused Product | Oakley's Patent |
|---|---|
| SM12 | U.S. Patent No. D652,442 |

31. Defendant's acts of infringement of the D442 Patent were undertaken without permission or license from Oakley. Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D442 Patent. Oakley and its iconic designs are well-known throughout the eyewear industry and Defendant's *SM12* model sunglasses are a nearly identical copy of Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D442 Patent. Defendant infringed the D442 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D442 Patent. Defendant's acts of infringement

- 9 -

of the D442 Patent were not consistent with the standards of commerce for its industry.

32. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

33. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

34. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

35. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of Oakley's design patents.

36. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

37. Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from infringing the Asserted Patents in violation of 35 U.S.C. § 271;

C. That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by

Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. § 289;

D. An Order adjudging that this is an exceptional case;

E. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

F. An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

G. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 14, 2016  By: */s/ Ali S. Razai*
Michael K. Friedland
Ali S. Razai
Samantha Y. Hsu

Attorneys for Plaintiff
OAKLEY, INC

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 14, 2016

By: */s/ Ali S. Razai*
Michael K. Friedland
Ali S. Razai
Samantha Y. Hsu

Attorneys for Plaintiff
OAKLEY, INC.

23582783